## COLEMAN v. CURTIS.

1. COSTS—EQUITY CASE.—Under the principle, that no one can claim costs unless he can produce express statutory authority in support of his claim, equity costs should not be allowed in an action to establish a money demand against the assignee, under an assignment for creditors, even though the complaint asked for an injunction to restrain other payments until this claim was adjudicated.

Before WITHERSPOON, J., Chester, July, 1893.

Action by John K. Coleman against George W. Curtis, assignee. See 36 S. C., 607.

*Mr. S. P. Hamilton*, for appellant.

*Mr. Hinton Curtis*, contra.

April 19, 1894.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The original action in this case is not stated in this appeal.   All that appears is, that the action was commenced in February, 1891, for a money demand of $175.66, and prosecuted to final judgment against the defendant on September 12, 1892; and that the costs were taxed by the clerk upon the assumption that it was a "case in chancery," as follows:

Defendants' attorney.

| | | |
|---|---|---|
| Answer of George W. Curtis, assignee........................ | $20 | 00 |
| Answer of Joseph Wylie & Co................................. | 20 | 00 |
| Two days' reference........................................ | 10 | 00 |
| Special matter and argument................................ | 5 | 00 |
| Appeal to Supreme Court.................................... | 15 | 00 |
| Argument in Supreme Court................................. | 20 | 00 |
| Printing argument.......................................... | 3 | 75 |
| | $93 | 75 |

The plaintiff, considering this taxation as excessive and erroneous, appealed to the Circuit Court to correct it; and his honor, Judge Witherspoon, holding that the case was one in equity, sustained the taxation and dismissed the appeal. Whereupon the appellant Coleman appealed to this court on the following grounds: 1. Because his honor erred in holding that this was an equity case, when he should have held that it was an action at law.   2. Because he erred in confirming the following items of costs, taxed by the clerk: two answers, $40; two days' reference, $10—$50.

As we understand it, the underlying question in the case is, whether the *action* was one at law or in equity; and it is not

easy to say which—for, as before intimated, there is no statement of the exact character of the action. But turning to a report of the case in 36 S. C., 607, it will be seen that it was an action (under section 2016 of the General Statutes) to compel an assignee of a debtor to allow the alleged claim against the assignor, and incidentally to enjoin said assignee from paying out the money in hand until the question was tried on its merits; and as to which the court there said that "it is doubtful whether this court has any jurisdiction, as the action seems to have been an ordinary action for the establishment of a money demand, without any features of equitable cognizance, except so far as a remedy by injunction was asked for. Whether this would be sufficient to convert the action, so far as it demanded the establishment of a plain money demand, into 'a case in chancery,' we need not stop now to consider," &c. But it is now necessary to determine what was the character of the action, at least so far as to fix the taxation of costs against the losing party, the plaintiff.

Being originally an action under the statute, to establish an ordinary money demand, coupled with a prayer for an injunction against paying out the money until the case was tried; and "it being doubtful, to say the least of it, whether that gave equity jurisdiction," we think the doubt should have been solved in favor of the view that the action should retain its original character as an action of law, at least as to the taxation of costs. The well known rule is, that costs are purely the creatures of statute, and no one can have them properly taxed in his favor, unless he can put his finger on the law which expressly allows such taxation. We do not think that the prayer for an injunction alone in the proceedings, had the effect of so changing the nature of the action, as to authorize the taxation of equity costs. "A prayer for equitable relief does not change the nature of the action." *Hellams* v. *Switzer*, 24 S. C., 40.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the cause be remanded to the Circuit Court, in order that the legal costs of an action at law, and no more, may be taxed.